John H. Doerr, J.
On November 17, 1975, petitioner Ruby Ferguson, seeking review of a fair hearing decision of the respondent New York State Department of Social Services, initiated this article 78 proceeding. The fair hearing decision in question upheld the reduction by the Erie County Department of Social Services (hereinafter local agency) of petitioner Ferguson’s social services grant because of her receipt of excess educational grants.
Petitioner Ferguson and her four minor children are recipients of social services grants made under the category of aid to families with dependent children (ADC). During the academic year 1974-1975, petitioner was a full-time college student in the State University of New York system. In order to finance her education, petitioner Ferguson had been awarded three separate government grants — a tuition assistance program (TAP) award of $640, an educational opportunity program (EOP) award of $550 and a basic educational opportunity grant (BEOG) of $1,050. The TAP and EOP programs are administered by the State of New York. The BEOG award is *283 administered by the United States Commissioner of Education and the United States Office of Education.
On March 19, 1975, petitioner Ferguson was notified by the local agency that her social services grant was to be reduced because of "the budgeting of surplus educational funds.” The local agency determined a surplus by computing the total amount of scholarship funds (TAP $640, EOP $550, BEOG $1,050) to be $2,240 and by subtracting the following "allowable deductions” — $640 tuition, $55 fees, $180 transportation and $160 books and supplies — to arrive at a surplus of $1,215 to be budgeted over the nine-month school year.
Petitioner Ferguson requested a fair hearing to review the proposed reduction. The hearing was held on April 14, 1975. The fair hearing decision dated April 30, 1975 affirmed the local agency’s action.
The issue in petitioner’s case is the extent to which particular educational grants received by a social services recipient may be treated as available income or resources by the local agency.
On January 28, 1976, petitioners Lorraine Lindsey, Annie Green, Mianna Battle, Catherine Hundley and Barbara Chambers moved, pursuant to CPLR 1013, for leave to intervene in this proceeding. The motion was granted on the basis that there were questions of law common to the claims of the intervening petitioners and those of petitioner Ferguson. See also CPLR 7802 (subd [d]).
The five intervenors are recipients of social services grants under the ADC category. Three (Green, Hundley, Battle) of the five intervenors receive the same educational grants as petitioner Ferguson, i.e., TAP, EOP and BEOG. One (Chambers) of the intervenors receives the TAP, EOP and BEOG awards, as well as a Rosary Hill College Award and a National Defense Student Loan (NDSL). The fifth intervenor (Lindsey) is not a college student. However, her son, a full-time college student included in her grant, has been awarded TAP, EOP and BEOG awards.
Part of the total amount of educational grants of each of the intervenors has been determined to be available income by the respondent agency. Thus, each intervenor’s basic social services grant has been reduced by the amount considered to be available income. Each intervenor has requested a fair hearing to review the reduction. In each instance the fair hearing decision has substantially affirmed the local agency’s *284 determination. Lindsey’s fair hearing reversed the local agency and sent it back to them but petitioners claim that the agency’s subsequent action was still adverse to Lindsey.
The intervenors also requested but were denied class action relief because their situation fails to satisfy the requirement of CPLR 901 (subd a, par 5) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy.”
Congress has provided that income and resources of a social services recipient shall be taken into account in computing the recipient’s social services grant. Section 602 (subd [a], cl [7]) of title 42 of the United States Code states: "A State plan for aid and services to needy families * * * (7) except as may otherwise be provided in clause (8), provided that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children.”
This general approach is reflected in the regulations passed by the Department of Health, Education and Welfare pursuant to the Social Security Act. 45 CFR 233.20 provides:
"(a) Requirements for State Plans. A State Plan for OAA, AFDC, AB, APTD or AABD must, as specified below:
(1) General. Provide that the determination of need and amount of assistance for all applicants and recipients will be made on an objective and equitable basis and all types of income will be taken into consideration in the same way, except where otherwise specifically authorized by Federal statute.”
However, certain limitations have been made on the type and amount of income or resources which may be taken into account as available inqome or resources in determining a social services available income are found in 45 CFR 233.20 (a) (3) (iv) (b), which states in part: "(iv) Provide that, in determining the availability of income and resources, the following will not be included as income: * * * (b) loans and grants, such as scholarships obtained and used under conditions that preclude their use for current living costs” and in 45 CFR 233.20 (a) (4) (ii) (d) which states: "(ii) Provide that, in determining eligibility for public assistance and the amount of the assistance payment, the following will be disregarded as income and resources: * * * (d) any grant or loan to any undergraduate student for educational purposes made or insured under any programs administered by the Commissioner of Education”.
*285 The regulations of the New York State Department of Social Services reflect the general policy of a consideration of available income or resources in the computation of a social services grant in 18 NYCRR 352.16(a): "Exemption of income and resources — general policy, (a) All income and resources of an applicant for or a recipient of ADC or HR shall be considered in order to determine its availability; such income and resources shall be reasonably evaluated; and when determined to be available * * * shall be applied towards meeting the needs of an individual and his dependents.”
The regulations also provide for a limitation on the treatment of certain educational grants as available income. 18 NYCRR 352.16 (b) and (c) (1) and (2) cover these limitations:
"(b) When the terms of an award, the legislative intent of a government benefit * * * limits the use of cash income, the social services official shall abide by such a restriction, when verified. The restriction may limit the use of the income to a specified purpose or to a particular member or members of the household * * *
"(c) (1) No part of a scholarship, grant or other such income that is necessary to cover the cost of necessary or essential school expenses (e.g., tuition, books, fees, equipment, special clothing needs, transportation to and from school, and childcare services necessary for school attendance), and is actually so used, shall be considered as income in determining need and amount of assistance.
"(2) No grant or loan to an undergraduate student for educational purposes made or insured under any program administered by the United States Commissioner of Education shall be considered as income or resources in determining need and amount of assistance.
Based on these Federal and State statutes and regulations, an examination of each grant received by petitioners must be made to determine the amount, if any, which can be considered available income.
The respondents have made two claims in regard to the BEOG award. First, they state that 18 NYCRR 352.16 (c) (2) (which is clearly applicable to a BEOG grant) was not in effect until June 6, 1975, more than one month after the fair hearing decision. Secondly, respondents state that the fair hearing decision was not violative of this regulation because *286 the BEOG grant was first applied against petitioner’s education related expenses.
Respondents’ first claim cannot be accepted. While it is true that the State regulation in question was not in effect at the time of the fair hearing decision, its corollary on the Federal regulations (45 CFR 233.20 [a] [4] [ii] [d]) has been in effect since May 9, 1970. (35 Fed Reg 7301-7302)
"It has long been held that a regulation by a department of the government addressed to and adapted to the enforcement of an act of Congress, the administration of which is confined . to such department has the force and effect of law.” (Brown v Bates, 363 F Supp 897, 902.)
Under the Supremacy Clause of the United States Constitution, (US Const, art VI, § 2), when Federal and State law conflict, the State law must give way to the Federal Law. Subdivision 1 of section 358 of the New York State Social Services Law provides that: "The department shall make such regulations not inconsistent with law as may be necessary to make such plan [for aid to dependent children] conform to such federal act and any rules and regulations adopted pursuant thereto.”
Clearly the respondents were bound by 45 CFR 233.20 (a) (4) (ii) (d) at the time of the fair hearing decision regardless of the fact that the State regulation was not yet in effect.
Neither can respondents’ second claim be upheld. Since 18 NYCRR 352.16 (c) (2) is controlling in this case, the BEOG grant cannot be considered as income or resources in determining petitioners’ social services grants. Thus, in computing available income, the total amount of this grant must be deducted at the outset and cannot be considered available income for any purpose. The effect of this is that the BEOG grant cannot be applied against petitioners’ educational expenses, but must be completely disregarded.
Respondents clearly do not completely disregard the BEOG grant in this manner. However, respondents contend that the BEOG grant is not being considered income or resources. An exerpt from the fair hearing decision of petitioner Green (Dec. 11, 1975) outlines respondents’ method of treatment of BEOG.
"While BEOG is not to be considered as an available income and resource to reduce budgetary needs, it is required to be utilized to meet essential school expenses, the surplus may not be utilized to reduce budgetary needs. However, when the *287 educational expenses are in excess of the BEOG, the excess may then be utilized to reduce the TAP and EOP funds which are not deemed exempt only to the extent that they exceed the balance of necessary school expenses.”
This excerpt illustrates the manner in which respondents’ treatment of the BEOG grant is in conflict with the Federal and State regulations. Respondents have read an additional condition into these regulations. Respondents have ignored both the intent and literal meaning of these regulations by including the BEOG grants in the computation of available income and resources for the purpose of increasing the amount of educational grants which will be used to offset social services grants.
Respondents have a duty to use their limited resources where they are most needed. However, this duty cannot be used as a rationale for avoiding the intent of regulations which has as their purpose another goal of respondents — that of encouraging the eventual self-reliance of social services recipients.
Petitioner Chambers’ NDSL loan is a loan within the meaning of 45 CFR 233.20 (a) (4) (ii) (d) and 18 NYCRR 352.16 (c) (2) and therefore must be disregarded in the same manner as the BEOG is to be disregarded.
The EOP and TAP awards of petitioners and the Rosary Hill College Award of petitioner Chambers are restricted income within the meaning of 18 NYCRR 352.16 (b) and (c) (1). Respondents correctly determined that the part of these grants that is used for educational related expenses cannot be treated as income. However, as stated above, the respondents applied the BEOG grants against petitioners’ education related expenses. For the reasons stated above, this action was violative of 45 CFR 233.20 (a) (4) (ii) (d) and 18 NYCRR 352.16 (c) (2). It is the EOP, TAP and petitioner Chambers’ Rosary Hill College award grants which must be applied against petitioner’s education related expenses.
The TAP award is not available income. The TAP funds were not received by the petitioners but were paid directly to their colleges to cover tuition costs. More importantly though, a TAP award can only be used for tuition and thus is restricted income within the meaning of 18 NYCRR 352.16 (b) (2) and (c) (1). Respondents’ contention that TAP awards are made payable to the student does not change the fact that these awards are to be used for tuition. Tuition is specifically *288 mentioned as an allowable education related expense in 18 NYCRR 352.16 (c) (1).
The EOP grant is considered a restricted grant under 18 NYCRR 352.16 (b) and (c) (1) to the extent it is used for verified education related expenses. Petitioners must be given an opportunity to present verification of these amounts. To the extent that petitioners can furnish verification of education related expenses, the local agency must consider them education related expenses and disregard them in computing petitioner’s available income.
There are a few specific problems in the exact amounts of petitioner’s education related expenses. In the case of petitioner Ferguson, the respondents disallowed three educational expenses which she had claimed. Respondents disallowed supplies expenses and day care expenses because they were not verified. Respondents disallowed lunch expenses because both the need to buy lunch and the amount paid were not verified. However, petitioner Ferguson’s claim for these expenses was not challenged at the fair hearing. Petitioner Ferguson must therefore be given an opportunity to present verification of these amounts now, if it is still possible. Otherwise, as these expenses were not previously challenged, they must be allowed as education related expenses. 18 NYCRR 352.16 (c) (1) specifically mentions child care services necessary for school attendance as an example of an education related expense. It should also be noted that the Education Department regulations relating to the use of EOP grants distributed under section 6451 of the New York State Education Law specifically mentions "lunches for commuter students” as a permissible use of EOP funds in nonpublic institutions in 8 NYCRR 152-1.5 (d). Petitioners Chambers and Green claimed education expenses in their petitions which were not claimed at the fair hearing. Petitioner Green claims child care expenses and petitioner Chambers claims child care, supplies and extracurricular expenses. If petitioners Green and Chambers can furnish verification of these expenses, they are to be allowed as education related expenses. A mathematical error was made in the computation of the total expenses of petitioners Lindsey and Hundley. The correct amount for petitioner Lindsey is $1,978 and for petitioner Hundley $1,395.
In conclusion, respondents must recompute petitioners’ education related expenses in accordance with the preceding paragraph. The EOP and TAP grants must be applied against *289 these expenses. Based on the final figure of available income, petitioners’ grants must be recomputed and any amounts incorrectly deducted from their social services grants after the fair hearing decisions must be refunded to petitioners in retroactive grants.
In addition to their claims on the extent to which educational grants may be treated as income by the local agency, petitioners state that if any of the educational funds are to be budgeted against their social services grants, this budgeting can only be done when the educational grants are received by the petitioners and actually available to them.
The educational grants are distributed by the school when they are received from the governmental agencies, not necessarily at the beginning of the academic year. The present budgetary method of the local agency is to divide the amount of excess educational grants by nine and reduce the recipients’ grant by the resulting amount each year in the academic year. This approach does not provide for the fact that the recipient may not yet have received the educational funds which he or she is supposed to be using for living expenses. Under this approach, a recipient may be forced to live for a time on an amount of money substantially less than is considered by the local agency to be necessary for living expenses.
Under the Federal regulations, income which is taken into account for social services purposes must be currently available. 45 CFR 233.20 (a) (3) (ii) (D) states: "(D) net income available for current use and currently available resources shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance.”
18 NYCRR 352.16 (a) provides for the income of a social services recipient to be applied against his or her needs "when determined to be available.”
Respondents must reorganize their procedure for budgeting educational grants so that it reflects the Federal and State mandate of "availability” as a criterion for using income and resources to reduce social services grants. Thus, educational grants cannot be included as income until they are actually received by the student from school.
Respondents are ordered to accept and evaluate any verification of additional expenses furnished by petitioners. The *290 remainder of the EOP grant which may be considered as available income must be applied against any additional verified expenses allowed by the respondents. Based on the final figure of available income, petitioners’ grants must be recomputed and any amount incorrectly deducted from their grants after the fair hearing decisions must be refunded to petitioners in a retroactive grant.